NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4703
_____

ARNALDO BARDALES-MONTES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-752-245)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: April 12, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Arnaldo Bardales-Montes petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Bardales-Montes, a citizen of Honduras, entered the United States without

inspection in 1998.  In June 2002, he filed an application for Temporary Protected Status

(TPS) which the former Immigration and Naturalization Services (INS) denied. The

Administrative Appeals Office dismissed his appeal.

In August 2007, Bardales-Montes was charged as removable as an alien who

entered without inspection. He conceded removability and sought to have an

Immigration Judge (IJ) review the denial of his TPS application. The IJ determined that

Bardales-Montes's TPS application was late and that he was ineligible for late

registration. On appeal, Bardales-Montes argued that his application was untimely

because he relied on incorrect legal advice from a notary. The BIA agreed with the IJ

that Bardales-Montes had failed to timely register for TPS and rejected his claim of

ineffective assistance of counsel. Bardales-Montes filed a timely petition for review, and

we have jurisdiction under 8 U.S.C. § 1252.

Bardales-Montes contends that the BIA erred in not equitably tolling the filing

deadline. However, the BIA did not reach the issue of whether equitable tolling applies

to TPS applications because it determined that Bardales-Montes had failed to comply

with the first prong of the so-called Lozada test for ineffective assistance of counsel: he

did not set forth in detail the agreement he entered into with the notary.[1] See Matter of

Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). We review the BIA's denial of a claim of

ineffective assistance of counsel de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d

Cir. 2007).

---

[1] The BIA assumed arguendo that a claim of ineffective assistance of counsel could be
made against a non-attorney.

Bardales-Montes argues that he did not apply during the initial registration period for TPS applications for Honduras because a notary told him that he was ineligible. He contends that the BIA erred by "effectively requir[ing] a detailed statement of a formal agreement with the notary for representation prior to being placed in removal proceedings." However, the BIA only stated that Bardales-Montes had "not set forth in any detail the agreement that was entered into with the notary." A.R. at 5. It then described the limited details he provided: "He only indicated that he thought the notary's name was Maria, and 'because she said I didn't qualify, I didn't pay that much attention.'" Id. quoting A.R. at 71. The BIA did not state that it required a statement created contemporaneously with the representation; it just needed more details to analyze Bardales-Montes's claim of ineffective assistance. "Where essential information is lacking, it is impossible to evaluate the substance of such claim." Lozada, 19 I. & N. Dec. at 639.

Bardales-Montes did not state when,[2] where, or why he sought out the notary, whether he paid her any money, or why he believed she was qualified to give advice on his eligibility for TPS. He did not describe what information she used to determine his eligibility or how he later came to learn that he might have been eligible. Bardales-Montes argues in his brief that he believed that Maria was an attorney because "notario" means "attorney" in his native language; however, this allegation and argument were not

---

[2] While he states that he went to the notary in 1999, he does not say whether he met with her before the August 20, 1999, end of the initial registration period for TPS applications for nationals of Honduras.

presented to the BIA. We may decide the petition only on the administrative record on which the order of removal was based. 8 U.S.C. § 1252(b)(4)(A).

The BIA did not err in rejecting Bardales-Montes claim of ineffective assistance of counsel and dismissing the appeal. For the above reasons, we will deny the petition for review.